IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PABLO OVALLE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § § § | Civil Action No. 17-2714 |
| DRG CONCEPTS LLC d/b/a DALLAS FISH MARKET, | § § § § | Jury Demanded |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pablo Ovalle, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. The FLSA does allow employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: 1) The employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id*.

3. Defendant failed to pay Plaintiff in accordance with the FLSA in that it failed to lawfully administer a "tip credit" system and failed to pay Plaintiff at least minimum wage. Instead, Plaintiff was paid on a sub-minimum wage hourly basis plus tips, which were improperly shared among other employees and managers, who may not lawfully participate in a tip pool. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Ovalle ("Plaintiff") is an individual who was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this Complaint. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

5. The Plaintiff and "Class Members" are Defendant's current and former employees who were paid in whole or in part through tips and who were required to share those tips with non-tipped employees either directly or through an improper tip pool or who were required to share tips with the company itself. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. Defendant DRG Concepts LLC, d/b/a Dallas Fish Market ("DFM") does business in the State of Texas and may be served with process through its Registered Agent of Service, Khondokar N. Alam, who may be served at 1717 Main St., #5630, Dallas, TX 75201.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act. 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this District because the events forming the basis of the suit occurred in this District, and one or more parties reside in this District.

## IV. COVERAGE

9. At all material times, Defendant acted, directly or indirectly, in the interest of an employer, successor employer or joint employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendant has been an employer, successor employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

14. Defendant DFM is a Dallas-based restaurant and does over $500,000.00 per year in business.

15. Defendant employs individuals paid on an hourly basis and takes a tip credit against the full minimum wage by paying $2.13 per hour in wages prior to receipt of earned tips by Plaintiff and the Class Members.

16. Plaintiff was employed by Defendant during the three years prior to the filing of this suit and until approximately January 2017.

17. Defendant requires that their wait staff distribute earned tips among individuals who may not properly participate in a tip pool, like its management, kitchen staff, food runners and sushi chefs, violating "condition two" of 29 U.S.C. § 203(m). *See* ¶ 2, *supra*.

18. Moreover, Plaintiff was not properly informed about the nature of his wages in that he was not notified about his right to keep his tips unless he was part of a valid tip pooling arrangement violating "condition one" of 29 U.S.C. § 203(m). *See id*.

19. Because Defendant retained tips for its own purposes, included improper participants in the tip pool, and provided improper notice, Defendant failed to fulfill the conditions necessary to be able to lawfully take a tip credit from Plaintiff's and the Class Members' wages. Therefore, Plaintiff and the Class Members are entitled to be paid at the required minimum wage for all of the hours they actually worked.

20. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were not paid minimum wage or overtime compensation as required by the FLSA.

21. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and the Class Members. Defendant received complaints regarding the impropriety of its pay practice, yet its unlawful practices continued.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees worked with Plaintiff and were paid in the same manner as Plaintiff without being paid the proper minimum wage for all hours worked. Plaintiff is aware that the illegal practices or policies of Defendant has been uniformly imposed on the Class Members.

23. The Class Members performed the same or similar duties as Plaintiff or otherwise worked under the same illegal pay scheme. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

25. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to minimum wage for all hours of work. Although the issue of damages

may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and facts are common to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant period, Defendant has violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and failing to comply with the "tip credit," minimum wage, and overtime provisions of this law. Moreover, Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) including the amount of tips he was required to give management and Defendant's other employees who could not lawfully participate in the tip pool and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jay Forester*

**J. FORESTER**
*ATTORNEY IN CHARGE*
Texas Bar No. 24087532
**FORESTER LAW PC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 288-8519 phone
(214) 346-5909 fax
www.thewagelawyers.com

## **CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *Jay Forester*

**J. FORESTER**